IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN E. THOMAS, | No. 2:12-CV-2882-CMK  PS |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding *in propria persona*, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  On October 18, 2013, the court issued an order requiring plaintiff to show cause in writing, within 30 days, why this action should not be dismissed for his failure to file a dispositive motion.  He was cautioned that failure to respond to the court's order may result in dismissal of this action.  To date, plaintiff has not filed a dispositive motion, or otherwise responded to the court on the order to show cause.

Instead of responding to the court, presumably a friend of plaintiff's wrote a letter to the defendant and sent it along with a copy of the complaint directly to the defendant. Defendant has informed the court that this letter was received, and filed a copy of the letter with

1

the court.  To the extent this unsigned letter is intended to be plaintiff's response to the court's order to show cause, such a response is inadequate and insufficient.  Plaintiff was directed to respond to the court, not to defendant.  Even if the response was directed to the court, the letter is unsigned and does not address the issue of why no dispositive motion or request for remand was filed in order to continue prosecuting this action.  Plaintiff has had more than sufficient time to file his dispositive motion or otherwise respond appropriately to the court's order to show cause.  He was warned that his failure to do so would result in the dismissal of this action.

        The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

        Having considered these factors, and in light of plaintiff's failure to respond to the court's order to show cause and failure to file a dispositive motion or request for remand,  the court finds that dismissal of this action is appropriate.

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders. The Clerk of the Court is directed to close this case.

DATED: March 31, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE